UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL JOHNSON, | No. C 11-3349 YGR (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| WILLIAM KNIPP, | |
| Respondent. | |

**INTRODUCTION**

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons discussed herein, respondent's motion to dismiss the petition as untimely (Docket No. 13) is GRANTED. The petition is DISMISSED.

**DISCUSSION**

**A.    Standard of Review**

Federal habeas petitions must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing;  (3)

1 the constitutional right asserted was recognized by the Supreme Court, if the right was newly
2 recognized by the Supreme Court and made retroactive to cases on collateral review; or (4)
3 the factual predicate of the claim could have been discovered through the exercise of due
4 diligence. *See* 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari
5 from the United States Supreme Court, the AEDPA's one-year limitations period begins to
6 run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v.*
7 *Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

### B. Timeliness of the Petition

The following facts are undisputed. On January 14, 2009, the state supreme court denied petitioner's petition for direct review of his 2006 convictions for forcible rape and forcible oral copulation. Petitioner did not seek state collateral relief. Petitioner, then, had until April 14, 2010, that is, one year and ninety days from the date the state supreme court issued its decision, to file a timely federal habeas petition. The instant petition, however, was not filed until July 7, 2011, well after the April 14, 2010 deadline. On this record, absent statutory or equitable tolling, the petition is barred by AEDPA's statute of limitations.[1]

#### 1. Statutory Tolling

Petitioner never sought collateral state relief. Accordingly, he is not entitled to statutory tolling, as there was no time period during which a properly filed application for state post-conviction or other collateral review was pending. *See* 28 U.S.C. § 2244(d)(2).

Petitioner did, however, file two *federal* habeas petitions in this court, one in 2009 and the other in 2010.[2] Both were dismissed because the claims were not exhausted. No tolling is available under § 2244(d) for such petitions. *Duncan v. Walker*, 533 U.S. 167, 172–74 (2001).

In sum, petitioner is not entitled to statutory tolling.

---

[1] Respondent also moved to dismiss on grounds that petitioner failed to exhaust his claims in state court. Because the petition would be untimely even if the claims had been exhausted, it is unnecessary to address respondent's exhaustion contentions.

[2] No. C 09-0409 CW, and C 10-0840 CW.

**2. Equitable Tolling**

Petitioner has given no reasons entitling him to equitable tolling. Accordingly, he is not entitled to relief from the statute of limitations on such grounds.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss the petition as untimely (Docket No. 13) is GRANTED. Accordingly, the action is DISMISSED. The Clerk shall enter judgment in favor of respondent, terminate Docket No. 13, and close the file.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED**.

DATED: November 13, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**